SCHWARTZ, Chief Judge.
The plaintiff below appeals from a final order dismissing a complaint against his employer, the City of Hialeah, with prejudice. The action, brought under section 440.205, Florida Statutes (1987),[1] claimed that the City had wrongfully terminated his employment because he had filed a valid workers’ compensation claim several years before. The dismissal was based upon Kresse’s admitted failure to exhaust the grievance process and other administrative remedies provided by the collective bargaining agreement entered into between his union and the city pursuant to section 447.201, Florida Statutes (1987), et. seq. We reverse.
*535 In Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. -, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), which, along with Southwest Gulfcoast, Inc. v. Allan, 513 So.2d 219 (Fla. 1st DCA 1987), is controlling here, the Supreme Court squarely held that an action under an Illinois statute virtually identical to section 440.205 is not precluded by the National Labor Management Relations Act nor the conflict resolution procedures provided by the applicable collective bargaining agreement. See also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). The essential basis of this conclusion, which was brilliantly anticipated by Judge Zehmer in Allan, 513 So.2d at 219, is that a determination of the issues arising under the statute — the motivation for the discharge and the like — are separate and distinct from those involving the construction or interpretation of the agreement with which the remedies provided by that contract are concerned. See Lingle, 486 U.S. at -, 108 S.Ct. at 1882, 100 L.Ed.2d at 420 (“[The] resolution of the state-law claim does not require construing the collective-bargaining agreement.”).
This reasoning directly applies to the present case. The remedies presumably provided by the collective bargaining agreement involve only issues which concern the agreement itself. § 447.401, Fla. Stat. (1987) (“Grievance procedures. — Each public employer and bargaining agent shall negotiate a grievance procedure to be used for the settlement of disputes between employer and employee, or group of employees, involving the interpretation or application of a collective bargaining agreement.”). [e.s.] But since, as Lingle and Allan indicate, no such claim is necessarily involved in the present action, there is no reason to require that a thus-irrelevant pursuit of the remedies provided by that contract be undertaken. Compare also City of Miami v. Fraternal Order of Police Lodge No. 20, 378 So.2d 20, 24 (Fla. 3d DCA 1979) (exhaustion required as to issue arising out of the interpretation and application of agreement itself), cert. denied, 388 So.2d 1113 (Fla.1980).
We find no merit in the appellee’s other arguments for affirmance. The contention that, for diverse alleged reasons, the plaintiff may not be able factually to support his complaint may not be considered on a motion to dismiss.
REVERSED.

. This section provides:
440.205 Coercion of employees. — No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee’s valid claim for compensation or attempt to claim compensation under the Workers’ Compensation Law.